**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARACELI SANTOS, | ) | CASE NO. CV 13-00967 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Petitioner Araceli Santos Cardona seeks review of the decision denying her application for disability benefits. The Administrative Law Judge found that she had severe impairments, consisting of a lumbar strain and post traumatic stress disorder, but that nevertheless she could perform her past relevant work as a receptionist. Plaintiff challenges this determination on two grounds, neither of which the Court finds persuasive, and therefore the Court affirms the Commissioner's decision.

Plaintiff first argues that the finding as to the physical component of her residual functional capacity is not backed by substantial evidence, because the Administrative Law Judge did not consider an MRI performed in August 2008. That MRI showed a disc extrusion, and Plaintiff argues that it was important evidence for the Administrative Law Judge to address.

1    An Administrative Law Judge is not required to discuss all evidence, so long as he or she does not ignore an entire line of evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). While the Administrative Law Judge did not discuss the MRI, his failure to do so was not consequential. The MRI was performed at the request of Plaintiff's treating physician Dr. Donahue on August 28, 2008. [AR 422] Subsequent to that test, Dr. Donahue diagnosed Plaintiff with a lumbar strain on September 2, 2008. [AR 368] He repeated that diagnosis on numerous occasions thereafter, on October 7, 2008 [AR 368], November 10, 2008 [AR 370], December 30, 2008 [AR 371], and several other times. Sometimes these evaluations indicated "lumbar disease," but the Court saw no reference to a disc extrusion. If the MRI did not cause Plaintiff's treating physician to make a diagnosis concerning the disc extrusion other than a lumbar strain, then the Administrative Law Judge, had he explicitly addressed the MRI, would have had no evidentiary basis for saying that the MRI showed any different kind or level of impairment. Accordingly, Plaintiff's contention about the MRI cannot form the basis for a reversal.

Plaintiff's second argument is that the Commissioner overlooked evidence in his evaluation of Plaintiff's mental impairment. Here the alleged culprit is not the Administrative Law Judge, but the Social Security Appeals Council, for, after the decision, the Appeals Council admitted evidence which, Plaintiff says, should have caused the decision to change. The record that the Court reviews is the entire record, including both the evidence before the Administrative Law Judge and the evidence subsequently added by the Appeals Council. *Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). Having reviewed the entire record, however, the Court concludes that the evidence presented to the Appeals Council did not change the findings.

The Appeals Council was incorrect in stating that the new evidence pertained to a "later time." [AR 2] Much of the information, in fact, concerns a sexual assault that took place long ago, and that was at least part of the basis for Plaintiff's depression and post traumatic stress. [AR 413 *et seq*.] Thus, the fact that some of the records were dated

after the Administrative Law Judge's decision does not mean that it was not pertinent to the period considered by the Administrative Law Judge.

However, there is no reason to believe that any of the information would make a difference to the findings. The new evidence indicates the same diagnosis of major depressive disorder and post traumatic stress disorder that already was in the record; discusses various treatment that Plaintiff had received; and addresses Plaintiff's medications. [AR 413-17] It indicates that, while Plaintiff has some dysthymia, she nevertheless has improved with treatment. Unlike in *Brewes*, the information presented to the Appeals Council did not change the evidentiary record. Here, the newly-admitted evidence differed little from what was in the record already. And the Administrative Law Judge specifically limited Plaintiff's residual functional capacity to work "in a low stress environment with no rigid quotas or fast production requirements" [AR 38], a limitation that accommodated the kinds of difficulties discussed in the records both before the Administrative Law Judge and the Appeals Council. Nothing would be gained by remanding for further consideration by the Administrative Law Judge.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 21, 2014

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE